686 N.W.2d 487 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Michael Dennis BATEY, Defendant-Appellant.
Docket Nos. 125582 & (92). COA No. 227117.
Supreme Court of Michigan.
September 24, 2004.
On order of the Court, the motion for leave to file brief exceeding page limit is considered, and it is GRANTED. The application for leave to appeal the December 30, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents an states as follows:
This case involved a charge of criminal sexual conduct by an adult male against a teenaged boy. At trial, the prosecutor allegedly made numerous allusions to defendant's sexual orientation, including references *488 to his consensual relationships with adult male partners.
Defense counsel failed to object. Normally, this failure precludes appellate review because the trial court is not provided with the opportunity to cure any error. People v. Buckey, 424 Mich. 1, 18, 378 N.W.2d 432 (1985). However, "[a]n exception exists if a curative instruction could not have eliminated the prejudicial effect or where failure to consider the issue would result in a miscarriage of justice." People v. Stanaway, 446 Mich. 643, 687, 521 N.W.2d 557 (1994).
In my opinion, this case satisfies the exception. Defendant was accused of sexually assaulting his teenaged nephew. During the trial, the prosecutor allegedly questioned defendant about his failed relationships with women. He asked defense witnesses if they viewed gay pornography videos or magazines, and questioned them about their sexual orientation.
None of the questions bears any relevance to whether defendant sexually assaulted the victim. Instead, it appears that, in posing them, the prosecutor sought to secure a conviction by playing to societal stereotypes regarding gay men. Furthermore, the prosecutor's questions seem to suggest that the witnesses' sexual orientation affected their truthfulness. This Court long ago held that a witness's "sexual propensities or preferences do not bear on his character for truthfulness or untruthfulness." People v. Mitchell, 402 Mich. 506, 515, 265 N.W.2d 163 (1978). The references to the sexual orientation of defendant and witnesses for the defense were pervasive and extensive.
Even if defense counsel had objected, the damage had already been done. These are not the only improper statements that the prosecutor allegedly made, but they are the most disturbing. The Court of Appeals stated that "Batey has not demonstrated that the prosecutor's comments were likely to have had any negative effect on the jury." Unpublished opinion per curiam, issued August 27, 2002 (Docket No. 227117, 2002 WL 1998565). Given the prevalent stereotypes surrounding homosexuality, defendant has clearly shown that the comments were likely to have a negative effect on the jury. The real question is whether the pervasive comments were outcome-determinative.
I would grant leave to appeal to consider these issues.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.